UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DREKE BIN BEY a/k/a Reginald Geron Brown, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| VALERIE HUHN, | ) ) |
| Respondent. | ) ) |

No. 4:23-CV-834 RLW

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Dreke bin Bey's filing titled "Affidavit of Fact Habeas Corpus Complaint Declaration Factual Innocence to Dismiss Case for Lack of United States Constitution Jurisdiction, Lack of Admiralty and Maritime Jurisdiction, Lack of Common Law Jurisdiction, Lack of Delegation of Authority Order Jurisdiction, Lack of Personam Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Territorial Jurisdiction, Improper Venue," which the Court will construe as an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the amended petition will be denied.

### Background

Petitioner is a Missouri state pretrial detainee, incarcerated at the St. Louis City Justice Center. He has been charged with four felony counts: (1) assault—serious physical injury or special victim, (2) armed criminal action, (3) assault—first degree or attempt, and (4) armed criminal action. *State of Missouri v. Brown*, No. 2022-CR02030-01 (22nd Jud. Cir. filed Mar. 2, 2021).[1] Shortly after these criminal charges were filed, the Missouri state court ordered a mental

---

[1] The Court reviewed Petitioner's criminal case on Missouri Case.net, Missouri's online case management system.

examination of petitioner. On June 28, 2023, after the mental examination was conducted, the state court found that Petitioner was no longer incompetent to understand the proceedings against him or to assist in his defense. Petitioner was discharged from the Missouri Department of Mental Health and returned to the custody of the St. Louis Justice Center.

## The Amended Petition

In his amended petition, petitioner seeks to have his state criminal charges dismissed on several jurisdictional grounds. He states that the criminal complaint lacks "United States Constitution Jurisdiction," admiralty and maritime jurisdiction, common law jurisdiction, delegation of authority order jurisdiction, personal jurisdiction, subject matter jurisdiction, and territorial jurisdiction. In support of his claim, he states that he is not a person, not a defendant, not a United States citizen, does not reside at any address, and does not have anything to do with American waters, ships, and vessels. He objects that the criminal case does not have an injured party, he has not given oral or written consent to the state court, and there is no territorial jurisdiction in the court records. Finally, for all of these same reasons, he states the St. Louis City Circuit Court is the improper venue for his criminal action.

## Discussion

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). However, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). As such, a § 2241 petition is the appropriate method for petitioner to attack his state court pretrial detention.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner

is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner." *Id.* Rule 4 apples to § 2241 cases through Rule 1(b). *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *Risenhoover v. Washington Cnty. Comm. Servs.,* 545 F. Supp. 2d 885, 888 (D. Minn. 2008) (applying Rule 4 to habeas petitions brought under § 2241).

Based on the allegations in petitioner's amended petition, the Court finds he is not entitled to relief in federal district court. To the extent his petition can be understood, petitioner is claiming the Missouri state court does not have jurisdiction of his criminal case. The Supreme Court has warned federal courts to guard against the interruption of state adjudications by means of federal habeas proceedings. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973). Specifically, the abstention doctrine set forth in *Younger v. Harris* requires federal courts to abstain from hearing petitions related to ongoing state criminal proceedings that implicate important state interests. *Younger*, 401 U.S. 37 (1971). Petitioner's criminal proceedings are ongoing in the St. Louis City Circuit Court and petitioner has an adequate opportunity to raise these jurisdictional issues there. In light of this, the Court declines petitioner's request to insert itself into his ongoing state criminal case. *Younger*, 401 U.S. 37 (1971); *see also Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (applying *Younger* abstention doctrine to ongoing state administrative proceedings).

For these reasons, it plainly appears that petitioner is not entitled to relief on his § 2241 petition. The petition will be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's filing titled "Affidavit of Fact Habeas Corpus Complaint Declaration Factual Innocence to Dismiss Case for Lack of United States Constitution Jurisdiction, Lack of Admiralty and Maritime Jurisdiction, Lack of Common Law

Jurisdiction, Lack of Delegation of Authority Order Jurisdiction, Lack of Personam Jurisdiction, Lack of Subject Matter Jurisdiction Lack of Territorial Jurisdiction, Improper Venue," which the Court construes as an applications for writ of habeas corpus pursuant to 28 U.S.C. § 2241, is **DISMISSED**.

    **IT IS FURTHER ORDERED** that petitioner's affidavit of fact for appointment of next friend is **DENIED**. [ECF No. 2]

    **IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

    An Order of Dismissal will accompany this Memorandum and Order.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>11th</u> day of December, 2023.